# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SIERRA GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>　　　　Defendant. | Case No. 1:24-cv-01302-KES-SAB<br><br>ORDER REQUIRING PLAINTIFF TO PAY $50.00 SANCTIONS AND DISCHARGING JANUARY 16, 2025 ORDER TO SHOW CAUSE<br><br>(ECF Nos. 13, 15) |

On October 24, 2024, this matter was removed from Madera County Superior Court. (ECF No. 1.) The Court set a mandatory scheduling conference for January 7, 2025, with a joint scheduling report due by December 31, 2024. (ECF No. 2.) The parties failed to file a report, and on January 2, 2025, the Court issued an order to show cause as to why sanctions should not be imposed. (ECF No. 4.) The Court also continued the mandatory scheduling conference to January 16, 2025, in order to let the parties comply with the court's order. (Id.) Plaintiff's response to the order to show cause stated that due to a clerical error, the deadline to file the report was not calendared. (ECF No. 5.) The Court accepted this explanation and discharged the January 2, 2025 order to show cause. (ECF No. 10.)

On January 16, 2025, the Court held the mandatory scheduling conference, and Plaintiff failed to appear. (ECF No. 12.) The Court issued another order to show cause, directing Plaintiff to show cause in writing as to why sanctions should not be imposed for the failure of

1

counsel to attend the conference. (ECF No. 13.) On January 17, 2025, Plaintiff filed a response, stating that "[m]y calendaring legal assistant mistakenly believed this was vacating the scheduling conference as well as discharging the OSC re: failure to file the joint scheduling report, and so removed the January 16, 2025, scheduling conference from our firm's internal calendar." (ECF No. 15, ¶ 6.) Plaintiff continued, stating that "[t]he clerical error that resulted in the removal of this event caused me and all other staff and attorneys in my office to be unaware of the date and time of the scheduling conference, and thus I did not appear." (Id. at ¶ 6(a).) Plaintiff apologized and acknowledged the clerical errors. (Id.)

Plaintiff's response is not well-taken. While a calendaring error by itself may be excusable, multiple such errors over a short period becomes unacceptable. Moreover, the Court has reviewed its order and cannot construe it as anything other than clear and unambiguous. The Court also observes that it has had to issue similar orders to show cause in cases involving this law firm, with similar rationales given. Because of the failure of Plaintiff to appear at the mandatory scheduling conference, the Court finds it appropriate to impose a sanction of $50.00. Going forward, the Court admonishes Plaintiff that she must comply with all future court orders and appearances. Should Plaintiff fail to pay that sanction by the Court's deadline, a daily sanction will be imposed.

Accordingly, it is HEREBY ORDERED that:

1. The Court's January 16, 2025 order to show cause (ECF No. 13) is DISCHARGED;

2. Plaintiff shall pay **$50.00 in sanctions via cashier's check to the Clerk of the Court no later than January 27, 2025**, for her failure to appear at the mandatory scheduling conference;

3. Plaintiff shall file a notice **no later than January 27, 2025**, confirming that she has paid the sanction; and

///

///

///

///

2

4. If Plaintiff fails to comply with this order, Plaintiff and Plaintiff's counsel shall jointly and severally be obligated to pay the Clerk of the Court $50.00 per day, **beginning on January 28, 2025**, until Plaintiff pays the sanction and files a notice of payment to the Court. Failure to comply may also result in a recommendation of dismissal of this action.

IT IS SO ORDERED.

Dated: **January 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3